## Case No. 16,548.

UNITED STATES v. TURNER et aL

[18 Int. Rev. Rec. 5.]

Circuit Court, S. D. Ohio. 1873.

DISTILLERY PROPERTY—LIEN FOR TAXES—BONA FIDE PURCHASER.

[The lien given to the government, by Act July 13, 1866, § 32. for taxes on a distillery. is valid against an innocent purchaser for value of the premises.]

Warner M. Bateman, U. S. Atty.

J. A. Corbin, for defendant.

SWAYNE, Circuit Justice. This case was heard upon bill-brought to subject a distillery in Greenville, Ohio, to payment of tax upon whiskey claimed to be a lien thereon. The tax accrued in February, 1867, while the Turners, then owning, were operating the distillery. It was, in the same month, removed upon transportation bonds, but was. without the payment of tax, sold in the markets. Suits were begun in September, 1867, upon the bonds, and judgment recovered thereon in March and April, 1871. for the aggregate sum of $31,533.26. In June, 1867, the Turners sold their distillery, and in April, 1868, Stoltz became the innocent owner for value. In his

answer Stoltz claimed—First, that, being an innocent purchaser, without notice of the alleged lien of the government, he takes the premises discharged therefrom; second, that the lien of the United States upon the distillery for tax is upon the whiskey, and was discharged by the taking of the transportation bond. Justice Swayne held that the provisions of section 32 of the act of July 13, 1866 [14 Stat. 157], upon which the claim of the plaintiff is founded, providing that the tax in question should be a lien on the interest of said distiller in the tract of land whereon the said distillery is situated from the time said spirits are distilled until said tax should be paid, is absolute and unconditional, and secures to the government a lien upon the distillery premises as against innocent purchasers without notice. Justice Swayne alluded to a case he had decided in this court some years ago, in which he had held, after consideration, that the lien of the government for unpaid taxes, under the same section, upon spirits fraudulently recovered from the distillery, was good as against innocent purchasers. Decree was allowed in favor of the government for sale of the property.