KEROSENE LAMP HEATER COMPANY *v.* FISHER.

(*Circuit Court, D. Massachusetts.* January 20, 1880.)

PATENT CASE—PRACTICE.—Modes of proceeding before a master to whom a patent case has been referred.

LOWELL, J. Some questions are raised relating to the modes of proceeding before a master to whom a patent case . has been referred, in certain particulars in which the practice of different masters is said to differ, and I have consulted with Judge Nelson as to the answers which should be given.

We consider that the practice adopted by Mr. Stetson harmonizes better with the rules than that which was adopted in this case. The practice which we approve is this : The master appoints a day for proceeding with the reference, and gives notice, by mail or otherwise, to the parties or their solicitors. We think the solicitor should be notified, whether the party is or not; though, probably, under rule 75, notice to the party is a good notice. If the defendant does not appear, the master proceeds, *ex parte*, and makes out the profits and damages, if he can, from the evidence produced by the plaintiff. If it appears that an account of profits is necessary to a just decision of the cause, and is desired by the plaintiff, he makes an order that the defendant furnish an account by a certain day, and adjourns the hearing to that day. The defendant should be served personally with a notice of this adjournment, and of the order to produce his account, if it is intended to move for an attachment in case he fails to appear. The service may be made by any disinterested person, and need not be by the marshal. If the defendant then fails to appear and account, he will be in contempt.

The mode of proceeding which we do not approve, is for the plaintiff to take out a notice, in the first instance, before any hearing has been or can lawfully be had, requiring the defendant to furnish an account by a certain day on pain of punishment for contempt. We doubt the power of the master to make such an order upon a mere inspection of the record, and we consider the practice inexpedient if it is lawful.

The defendant's first objection is sustained. His objection, which is of more real importance in most cases, that the service must be by the marshal, we overrule.