UNITED STATES v. CURRY et al.

(District Court, D. Maryland. December 27, 1912.)

1. EQUITY (§ 150*)—BILL—MULTIFARIOUSNESS.

Where certain oleomargarine taxes assessed against C. became a lien on certain real estate held by her at the time of the levy and also on certain leasehold interests, a bill to enforce the assessment against C. and also against separate grantees of the real estate and of the leaseholds was not multifarious because the grantees of the real estate had no interest in the leasehold property, and vice versa; the tax not being apportionable among the land or terms of years held by the grantor.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 342, 371–379; Dec. Dig. § 150.*]

2. INTERNAL REVENUE (§ 26*)—OLEOMARGARINE TAX—LIEN—ENFORCEMENT.

The United States is not compelled to resort to a sale of chattels and personal effects of a delinquent internal revenue taxpayer, authorized by Rev. St. §§ 3187–3196 (U. S. Comp. St. 1901, pp. 2073–2077), before instituting proceedings to enforce the lien of such taxes on the taxpayer's real estate and leaseholds.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 74; Dec. Dig. § 26.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** INTERNAL REVENUE (§ 26*)—ASSESSMENTS—LIEN—BONA FIDE GRANTEES.

   Under Rev. St. § 3186 (U. S. Comp. St. 1901, p. 2073), providing that a delinquent internal revenue tax shall be a lien after demand in favor of the United States from the time the assessment list was received by the collector, except when otherwise provided, until paid, with interest, etc., on all property and rights to property belonging to such person, such lien was enforceable against grantees of the delinquent's real property and leaseholds subsequent to the filing of the list with the collector and demand upon the taxpayer, though they had no notice of the lien.

   [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 74; Dec. Dig. § 26.*]

Action by the United States against Mary E. Curry and others. On demurrer to bill. Overruled.

John Philip Hill and J. Craig McLanahan, both of Baltimore, Md., U. S. Attys.

William F. Broening, of Baltimore, Md., for defendant Charles G. Wanner, Jr.

Harry K. Brooks, of Baltimore, Md., for defendant George Romoser.

ROSE, District Judge. The government, by its amended bill of complaint, charges that in August, 1910, an assessment of $7,344 was made against the defendant Mary E. Curry on account of stamp and special taxes due and unpaid, incurred by her as a manufacturer of oleomargarine; that on the 26th of September, 1910, she was notified by the collector of internal revenue for the district of Maryland of such assessment; that on the 7th of October, 1910, formal demand for the payment thereof was served on her; that on and after the time said assessment was received by the collector of internal revenue, and thence continuously until the 7th day of October, 1910, when demand was made upon her, she was possessed of the leasehold interest in certain real estate in Baltimore City and was seized in fee of certain real estate in Baltimore county. All this property is particularly described by metes and bounds. The bill then sets forth that at various dates thereafter, the earliest being the 25th of November, 1910, Mrs. Curry conveyed all of such property, some of it by way of mortgage and some absolutely, to some of the other defendants, and that by various mesne assignments some of such defendants conveyed their interest absolutely or by way of mortgage to still other of the defendants. The bill alleges that on account of the lien on the property aforesaid, which had arisen from the assessment of said tax, the said conveyances of the property were null and void in so far as the lien of the United States was concerned, and that the government was entitled to have the interest of the said Mary E. Curry in said real estate held by her at the time of the levy of said taxes and the demand for the payment thereof sold, and the proceeds of sale devoted to the payment of the said assessment, and for said purpose to have determined the merits of all claims and liens upon the real estate or interests therein in question.

[1] The defendants demurred to the bill on two grounds, one, that the bill was multifarious. It is said that those defendants other than Mrs. Curry who were interested in the real estate formerly belonging to her have no interest in the leasehold property, and those who have claims upon the leasehold property have no concern with the real estate.

In the brief filed by the defendants they did not rely upon this ground of demurrer, nor do I think that it is sustainable. If the government acquired a lien by the assessment of the tax and the demand for its payment, that lien attached to all the property of Mrs. Curry. It was not apportionable among the various tracts of land or terms of years then held by her. It is hard to see how, under such circumstances, justice could be done to those who might have acquired interests in the property junior to the lien of the government without making them all parties to one suit.

The other ground of demurrer is that the bill does not state any case which entitles the government to any relief in equity against defendants other than Mrs. Curry.

In argument two reasons why the bill is wanting in equity are alleged:

[2] First, it is said that, before resort to the sale of real estate owned by a delinquent taxpayer can be had, proceedings should be taken to recover the amount due the United States from the sale of the chattels and personal effects of such delinquents under sections 3187 to 3196 of the Revised Statutes (U. S. Comp. St. 1901, pp. 2073–2077). This objection is completely answered by the cases of Mansfield v. Excelsior Refining Co., 135 U. S. 326, 10 Sup. Ct. 825, 34 L. Ed. 162, and by Blacklock v. United States, 208 U. S. 75, 28 Sup. Ct. 228, 52 L. Ed. 396.

[3] The contention most earnestly made by the defendants, however, is that the bill does not allege that, at the time the defendants other than Mrs. Curry acquired their interest in the real or leasehold estate in question, they had any knowledge or notice of the government's lien upon it.

The hardship which the enforcement of such a lien would entail upon the defendants is strongly represented. It is admitted that the express language of the statute (section 3186) is:

"That if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time the assessment list was received by the collector, except when otherwise provided, until paid, with the interest, penalties and costs that may accrue in addition thereto, upon all property and rights to property belonging to such person."

The loss to which the enforcement of this statute in its literal terms may expose perfectly innocent people is obvious and has been strongly stated by Judge McCrary in United States v. Pacific Railroad (C. C.) 1 Fed. 97. In that case, as in all others which have been called to my attention or which I have myself found, it has been held that, when the requirements of the assessment and the demand have been complied with, the lien of the government is superior to that of any one

acquiring any interests in the property after the date of demand. The government's lien is unaffected by the fact that a subsequent incumbrancer or purchaser became such without knowledge that the government had any interest in the property or claim upon it.

One of the earliest cases was that decided by Mr. Justice Swayne on Circuit. United States v. Turner, 28 Fed. Cas. 232.

The rule as stated has been expressly recognized and enforced by the Supreme Court of the United States in United States v. Snyder, 149 U. S. 210, 13 Sup. Ct. 846, 37 L. Ed. 705, and in Blacklock v. United States, supra.

It would seem that by a comparatively slight change of the statute law the rights of the United States could be sufficiently protected without endangering the interests of other persons. The collector of internal revenue at the time he makes demand upon the taxpayer might be required to transmit a copy of the demand to some office in which judgments and other recognized liens upon real estate are recorded and the records of which are consequently carefully examined by conveyancers. Whether public policy does or does not require that section 3186 shall be repealed or amended in some such way as that above suggested is a question of policy for Congress. The present state of the law was called to its attention at least six years ago. Part 1, Proceedings American Bar Ass'n 1906, p. 598.

It has, however, not taken any action. The courts must enforce the law as they find it.

The demurrer must therefore be overruled, and it is so ordered.