124

A. H. Graves, H. D. Campbell, and Melville C. Hall, as a Committee for the Benefit of Creditors of Whittaker & Bacon, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22631.    Promulgated May 25, 1928.

*Alfred P. Lowell, Esq.*, for the petitioners.
*L. C. Mitchell, Esq.*, for the respondent.

**128**

OPINION.

SMITH: The issue in this proceeding is whether the sum of $1,-954.92, representing an unpaid deficiency in the income tax of Robert Whittaker for the calendar year 1919, is a liability assessable against the petitioners under the provisions of section 280 of the Revenue Act of 1926, which reads as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods,—then within one year after the return of execution in such proceeding.

(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.

(d) The running of the period of limitation upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the notice under subdivision (a) of section 274 to the transferee or fiduciary, be suspended for the period during which the Commissioner is prohibited from making the assessment in respect of the liability of the transferee or fiduciary, and for 60 days thereafter.

(e) This section shall not apply to any suit or other proceeding for the enforcement of the liability of a transferee or fiduciary pending at the time of the enactment of this Act.

(f) As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.

The petitioners claim (1) that collection of the tax is barred by operation of the statute of limitations; and (2) that section 280 has no application to the situation disclosed by the evidence.

Relative to the first point raised by the petitioners, it appears that the return of Robert Whittaker was filed on March 15, 1920, and that assessment of the deficiency was made on October 18, 1923, which date occurred prior to the passage of the Revenue Act of 1924. The five-year period for assessment, provided for by section 250(d) of the Revenue Act of 1921, expired with respect to the making of an assessment against Robert Whittaker for the year 1919 on March 15, 1925, which date occurred subsequent to the passage of the Revenue Act of 1924. We have heretofore held in *Art Metal Works*, 9 B. T. A. 491, that where an assessment was made within the five-year period provided for by section 250(d) of the Revenue Act of 1921, prior to the passage of the Revenue Act of 1924 and such five-year period expired subsequent to the passage of the Revenue Act of 1924, the respondent had six years from the date of the assessment within which to bring a suit or other proceeding for the collection of such a tax. That decision is controlling here and collection of the deficiency in tax in the instant case is not barred. Nor is the assessment of the liability of a transferee of property of Robert Whittaker, with respect to such deficiency in tax, barred by the statute of limitations. It has been shown that the deficiency in tax was assessed against Whittaker's estate within the period prescribed by statute. The Revenue Act of 1926 was enacted February 26, 1926. The notice of proposed assessment of a liability was mailed to the petitioners on November 19, 1926, which date occurred both prior to the expiration of one year after the enactment of the Revenue Act of 1926 and

within six years after the assessment of the deficiency in tax. (Section 280(b) (2), Revenue Act of 1926.)

Counsel for the petitioners urge that the application of section 280 is limited to cases disclosing all of the following factors, namely, (1) the person against whom the assessment is made must be a transferee of property; (2) such property must have been the property of the taxpayer; (3) such property must have been received by such transferee under circumstances which, by operation of general principles of law or equity, will give rise to a money liability for which, under the provisions of law prior to the insertion of this section into the Act, a money judgment at law or a decree for the payment of money in equity could have been obtained against such transferee; (4) such liability must be a liability in favor of the United States; and (5) there must be an outstanding tax liability of the transferor at the time the assessment is made.

While it is admitted by petitioners that they are transferees of the property alleged to have been transferred to them, they claim that the transfer was not of the individual property of the taxpayer, Robert Whittaker, but consisted solely of property of the copartnership of Whittaker & Bacon, and it is submitted that while Whittaker, as one of the partners, may have an interest in the assets held by the petitioners for the partnership, the fact should be borne in mind that Bacon, the other partner, and the partnership creditors, including those creditors whose claims were made subsequent to the assignment to the corporation and which were, therefore, not assumed and paid by the corporation, have claims on the assets in the hands of the petitioners which are entitled to priority over the individual tax claim against Whittaker. *United States* v. *Kaufman*, 267 U. S. 408.

In considering the nature of the transferee's liability under section 280 of the Revenue Act of 1926, the construction of the language employed, and reference to its legislative history both indicate that it imposes no new liability upon the transferee and that the nature and extent of his liability is to be determined by the settled principles of the common law and Federal and local statutes. In the report of the Senate Finance Committee on the Revenue Act of 1926, Committee Print January 22, 1926, page 30, it is stated, with reference to section 280:

It is the purpose of the Committee's amendment to provide for the enforcement of such liability to the Government by the procedure provided in the act for the enforcement of tax deficiencies. It is not proposed, however, to define or change existing liability. The section merely provides that if the liability of the transferee exists under other law then that liability is to be enforced according to the new procedure applicable to tax deficiencies.

Also in the report of the Conference Committee on the Revenue Act of 1926, dated February 22, 1926, page 43, it is stated:

Without in any way changing the extent of such liability or the transferee under existing law, the amendment enforces such liability (whether in respect of the tax as originally returned by the taxpayer or a deficiency therein) in the same manner as liability for a tax deficiency is enforced; * * *

Therefore, in order to determine the applicability of the provisions of section 280 of the Revenue Act of 1926 to a given case, it is necessary to consider what the position of the United States with respect to the transferee would be under other law. By virtue of section 3184, Revised Statutes, the collector, within ten days after receiving a list of taxes from the Commissioner of Internal Revenue (assessment list), shall give notice to the person or persons liable, stating the amount due and demanding payment thereof. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States from the time when the assessment list was received by the collector. Section 3186, Revised Statutes. This lien is very broad and attaches upon all property and rights to property belonging to the delinquent taxpayer. Section 3186, Revised Statutes. If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, then the collector, or his deputy, by warrant from him, is authorized to collect the taxes by distraint and sale, section 3187, Revised Statutes, and may, with certain exceptions, levy upon all property and rights to property of the delinquent taxpayer, or upon all property and rights to property on which the lien exists. Section 3188, Revised Statutes. When personal property sufficient to satisfy the taxes imposed is not found by the collector or deputy collector, he is authorized to collect the same by seizure and sale of real estate. Section 3196, Revised Statutes. However, before resort to the sale of real estate owned by delinquent taxpayers can be had, proceedings must be taken to recover the amount due to the United States from the distraint and sale of the chattels and personal effects of such delinquents.

The sections of the Revised Statutes above cited, however, provide for enforcement of the statutory tax lien by distraint and sale only, and while not only the property of the delinquent taxpayer but also property in the hands of transferees, which is subject to lien, may be seized and sold, such a proceeding is not a judicial proceeding. Subsequent to the enactment of legislation establishing the lien for taxes and providing for its enforcement by distraint and sale, Congress enacted legislation which became section 3207, Revised Statutes, reading as follows:

In any case where there has been a refusal or neglect to pay any tax, and it has become necessary to seize and sell real estate to satisfy the same, the Commisisoner of Internal Revenue may direct a bill in chancery to be filed. in a district (or circuit) court of the United States, to enforce the lien of the United States for tax upon any real estate, or to subject any real estate

owned by the delinquent, or in which he has any right, title, or interest, to the payment of such tax. All persons having liens upon or claiming any interest in the real estate sought to be subjected as aforesaid, shall be made parties to such proceedings, and be brought into court as provided in other suits in chancery therein. And the said court shall, at the term next after the parties have been duly notified of the proceedings, unless otherwise ordered by the court, proceed to adjudicate all matters involved therein, and finally determine the merits of all claims to and liens upon the real estate in question, and, in all cases where a claim or interest of the United States therein is established, shall decree a sale of such real estate, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

Section 3207, Revised Statutes, was amended by the Revenue Act of 1924, but it is not necessary for our purposes to consider that amendment.

That the new remedy enacted as section 3207, Revised Statutes, has not superseded the remedy by distraint and sale and is intended to be cumulative, was held in *Blacklock* v. *United States*, 208 U. S. 75, wherein the court said:

* * * The words used do not show that Congress intended a suit in equity as exclusive of all other methods in such cases. It seems to have taken care not to so prescribe. The two remedies could well coexist. * * * Congress, we assume, doubtless thought that cases might arise in which it would be desirable that all questions of title to property to be sold for taxes should be cleared up before a sale took place. Hence, the provision which authorized, but did not require, a suit in equity, and which left untouched the right of the Government to proceed by distraint. * * * Congress did not intend to take away the remedy by distraint and make the remedy by suit exclusive, but only to give another and cumulative remedy for the enforcement of liens and taxes.

Nor is it necessary in order to bring a suit in equity to proceed by distraint against personal property and find it insufficient. *United States* v. *Curry*, 201 Fed. 371, citing *Blacklock* v. *United States*, *supra*.

Aside from the procedure outlined in section 280 of the Revenue Act of 1926, the United States may proceed in either of two ways to enforce its statutory tax liens. It may proceed by distraint, a non-judicial remedy, or it may proceed by a bill in equity under section 3207, Revised Statutes, an *in rem* proceeding against real estate only in which it is not necessary to consider the sufficiency or insufficiency of any personalty. At all events, the lien that is enforceable either by distraint or by a bill in equity is the statutory lien created by section 3186, Revised Statutes. If the United States has no lien by virtue of that section, then it has no tax lien. See *In re Wyley Co.*, 292 Fed. 900; *City and County of Denver* v. *Stenger*, 295 Fed. 809; and *Tompkins* v. *Little Rock, etc., Ry.*, 18 Fed. 344.

We do not consider it necessary unduly to enlarge this opinion by an extended consideration of questions relative to the time the lien

arises; the time it attaches; or to what property it attaches, except to state that the lien arises only if there has been an assessment plus notice and demand. It relates back from the time of notice and demand to the time when the assessment list was received by the collector, and it attaches upon such property as the taxpayer has at the time the lien arises, that is, at the time of notice and demand, *United States* v. *Pacific R. R.*, 1 Fed. 97, and, of course, to all the property that the tax debtor subsequently acquires.

·Since the language used in section 280 does not indicate the imposition of any new liability upon the transferee and inasmuch as the reports of the Senate Finance Committee and the Conference Committee state that such was not the intention of Congress, it follows that any liability assessable against the petitioners in the instant case will be that which is imposed upon them by reason of their having received property of the taxpayer. The transferred property was not, however, the individual property of Whittaker. It was a part of the assets of Whittaker & Bacon, a copartnership. The only interest which Whittaker had in the assets of the copartnership was a right to receive a part of the surplus proceeds, if any, of the partnership after partnership liabilities had been paid. In *United States* v. *Kaufman, supra,* the court said:

Nor is the contention of the United States strengthened by the provision in §3186 of the Revised Statutes, as amended by the Act of March 4, 1913, c. 166. 37 Stat. 1016, that the amount due the United States from any person as a tax shall be a lien on all property and rights to property belonging to such person. To whatever extent this statute may be now applicable in a bankruptcy proceeding, under its very terms the lien includes only the property of the person owing the tax; and in the case of a partner owing an individual tax, it extends only to his interest in the surplus of the partnership property.

It results that in proceedings in bankruptcy against a partnership the partnership assets must be first applied to the payment of the partnership debts, and that the United States is not entitled to any priority of payment out of such assets for a tax due it from an individual partner, except to the extent of the share of such partner, if any, in the surplus remaining after the payment of the partnership debts.

The deficiency notice sent to the petitioners stated as follows:

As provided under section 280 of the Revenue Act of 1926, there is proposed for assessment against you an amount of $1,954.92, constituting your liability as transferee of the assets of the Estate of Robert Whittaker, Westboro, Massachusetts, for unpaid income and profits taxes in the above amount assessed against Robert Whittaker, plus any accrued penalty or interest for the calendar year 1919 * * *

This statement of respondent's position was affirmed specifically by the answer and it was not amplified either then or subsequently. We are of the opinion that the allegation of " liability as transferee of the assets of the Estate of Robert Whittaker, Westboro, Massachusetts, for unpaid income and profits taxes * * * assessed

**134**

against Robert Whittaker"" was refuted by the evidence submitted at the hearing. All that the petitioners received was assets of the partnership of Whittaker & Bacon. Indirectly, they were liquidating the corporation and using the proceeds derived therefrom to pay partnership creditors. The evidence does not disclose whether after such liabilities are liquidated there will be any property remaining in the hands of the petitioners for the payment of the partners' individual debts or any property to be returned to the estate of Whittaker. In such a situation no lien attached to the assets held for the payment of the tax owed by Whittaker.

The petitioners not having received by transfer any property of Whittaker which would be liable to distraint and sale for the satisfaction of his tax liability are not liable for the deficiency in Whittaker's tax and the deficiency determined by the respondent may not be assessed against them.

Reviewed by the Board.

*Judgment will be entered for the petitioners.*