## AMERICAN TRUST CO. AND JOHN E. BISHOP, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29173. Promulgated December 31, 1929.

*Rhodes E. Cave, Esq.*, for the petitioners.
*E. A. Tonjes, Esq.*, for the respondent.

584

OPINION.

SEAWELL: The petitioners have pleaded the statute of limitations as a bar to the proposed assessment of a deficiency in tax.

The taxpayer, Henry B. Graham, filed an individual income-tax return for the calendar year 1920, on March 15, 1921.

He died in November, 1921, and on or about April 10, 1925, pursuant to section 3176 of the Revised Statutes of the United States, the Commissioner filed for him an income-tax return for 1921.

On or about December 28, 1925, and before the statute of limitations had run, a deficiency letter proposing for assessment additional

income tax for 1920 and 1921, in the amount indicated in our findings of fact, was mailed to Graham's administrator.

On February 24, 1926, said administrator filed with this Board an appeal from the deficiency letter proposing such assessment.

On May 29, 1926, while the appeal was pending, the Commissioner assessed the tax and penalty as proposed, with interest, in the sum of $16,178.91.

On June 13, 1928, this Board determined deficiencies for the taxable years in question in the sum of $16,178.91.

Section 280 (b) (1) of the Revenue Act of 1926 extended the period of limitation for assessment of any liability against transferees or fiduciaries for unpaid tax of a taxpayer or his estate, as follows:

Within one year after the expiration of the period of limitation for assessment against the taxpayer.

On April 22, 1927, which was prior to the expiration of the period of limitation for assessment against the taxpayer, the appeal of Graham's administrator being then pending, the Commissioner mailed a deficiency letter to the petitioners in accordance with the provisions of section 280 of the Revenue Act of 1926, proposing an assessment of income tax against them as trustees in the amount of $16,178.91. An appeal was taken and petition filed on June 17, 1927, for a redetermination of the tax proposed to be assessed and the same is now before us for determination.

We are of the opinion that the statute of limitations had not run against the proposed assessment of the tax against the petitioners, if they are transferees or fiduciaries within the meaning of section 280 of the Revenue Act of 1926 or of section 3467 of the Revised Statutes of the United States and have property of Graham or his estate in their possession.

The material portions of the trust conveyance made to petitioners on May 23, 1916, are set out in our findings of fact and the Supreme Court of Missouri, in *McFarland* v. *Bishop*, 282 Mo. 534; 222 S. W. 143, construed the trust instrument and discussed the rights and liabilities of the parties thereunder and the application to the situation of the provisions of section 2880 of the 1909 Revised Statutes of Missouri, which section is as follows:

Every deed of gift and conveyance of the goods and chattels in trust to the use of the person so making such deed of gift or conveyance is declared to be void as against creditors, existing and subsequent.

The Supreme Court, in its opinion, stated:

It may be admitted that this section makes the conveyance, so far as it is to the use of Graham, null and void as to creditors and purchasers. But the statute does not make it null and void, even as to creditors and purchasers,

so far as it is for the use and benefit of Graham's children. This deed provided for the payment of his then existing debts, and there is nothing in the statute preventing Graham from giving or conveying the remainder of his property to his children or others as against subsequent creditors and purchasers.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

But, it is plain enough that the remainder to Graham's children created by the deed of trust assailed is a vested remainder. The children to whom the remainder is given were living and are named, and the fact that the remainder opens to let in after-born children does not make it a contingent remainder. All the children, not simply those living at his death, are to take upon Graham's death, which is sure to occur. The vesting of the title is not postponed after Graham's death, until they reach the age of 25 years, but only the enjoyment of the possession of the property is thus postponed. This does not make the remainder contingent, or in any manner militate against its character as a vested remainder.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The deed of trust, being valid as to the provision for the children, may, no doubt, be avoided by subsequent purchasers or subsequent creditors of Graham, in so far, and so far only, as it is for Graham's use. In a proper proceeding, subsequent creditors or purchasers might therefore reach and appropriate the monthly sum of $500 and the income reserved to Graham.

Graham conveyed all his property to petitioners several years prior to the accrual of the income taxes now proposed to be assessed against them.

The trust created by the conveyance of May 23, 1916, was valid as to the children of Graham. It was irrevocable. It could be avoided by subsequent creditors of Graham, " in so far, and so far only " as it was for Graham's use.

Subsequent creditors of his might, by timely and proper proceedings, reach and appropriate the monthly sum due him of $500 and the income reserved to him. The Supreme Court of Missouri, in *McFarland* v. *Bishop*, *supra*, so held. There is no evidence adduced indicating that there was any notice of any claim for income tax in favor of the United States given or any lien therefor attempted to be asserted while the trustees had in their possession any income from the Graham estate.

In the absence of any such notice or any attempt to fix a lien thereon by proper proceedings, no duty or obligation rested on the trustees, as such, nor on them personally, to withhold from Graham the income, which by the provisions of the trust was to be paid to him monthly.

In considering the nature of the transferee's liability under section 280 of the Revenue Act of 1926, the construction of the language employed, and reference to its legislative history both indicate that it imposes no new liability upon the transferee and that the nature and extent of his liability is to be determined by

the settled principles of the common law and Federal and local statutes. In the report of the Senate Finance Committee on the Revenue Act of 1926, Committee Print January 22, 1926, page 30, it is stated, with reference to section 280:

" It is the purpose of the Committee's amendment to provide for the enforcement of such liability to the Government by the procedure provided in the act for the enforcement of tax deficiencies. It is not proposed, however, to define or change existing liability. The section merely provides that if the liability of the transferee exists under other law then that liability is to be enforced according to the new procedure applicable to tax deficiencies." *A. H. Graves et al.,* 12 B. T. A. 124.

Section 3467 of the Revised Statutes of the United States reads as follows:

Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

The net value of the property transferred to the petitioners in 1916 was approximately $430,000. The trustees as such filed income-tax returns for the trust estate and duly paid all taxes assessed against them as such trustees on account of the income of the trust estate.

Pursuant to the provisions of the trust, Graham, during his lifetime, was paid $132,000. He died leaving property insufficient to pay the expenses of his last sickness and burial. His estate was insolvent.

The petitioners, as trustees or otherwise, paid no debt due by Graham or his estate out of funds or income upon which the United States had any claim or right.

The trustees, petitioners herein, who are sought to be held liable as transferees or fiduciaries for the deficiency in tax assessed against Graham's estate, are not shown to now have or hold any income or property of said Graham, deceased, or to have so held any such at or since the receipt of any notice of the deficiency in tax claimed by the Commissioner. See *Orville Livingston* v. *Becker,* U. S. Dist. Ct., E. Dist. Mo., Oct. 12, 1929; P.-H. Federal Tax Service, Nov. 7, 1929, ¶ 1705, p. 1573.

What the trustees have and hold is not income which belonged to Graham, but the corpus of the estate, which vested in Graham's children and which is in no way liable for the deficiency in tax assessed against Graham's administrator.

The burden of proof is on the Commissioner to show that the petitioners, as transferees or fiduciaries, have in their possession or should have in their possession as such, assets or income liable for the payment of the aforesaid deficiencies in tax. Such has not been shown.

We are, therefore, of the opinion that the tax deficiencies asserted should not be assessed against the petitioners as trustees or otherwise.

*Judgment will be entered for the petitioners.*