## UNITED STATES v. MANIACI et al.
### No. 2819.

District Court, W. D. Michigan, S. D.
Feb. 2, 1939.

Shelby B. Schurtz, Asst. U. S. Atty., of Grand Rapids, Mich., for plaintiff.

T. Gerald McShane and Smith, Strawhecker & Wetmore, all of Grand Rapids, Mich., for defendant Wilmarth T. Shafer.

## Findings of Fact.

RAYMOND, District Judge.

1. This is a suit in equity filed under section 802(a), 49 Stat. 1743, 26 U.S.C.A. Int.Rev.Acts, page 956. The bill of complaint filed under direction of the Commissioner of Internal Revenue seeks to subject Lot 56 Kirtland Second Addition to the City of Grand Rapids, Michigan, to a lien arising out of a deficiency assessment of income tax against Thomas Maniaci and to give that lien priority over the rights of defendant Wilmarth T. Shafer who is a subsequent purchaser of the property in good faith and without knowledge of the government's lien.

2. No service of process was obtained upon defendant Maniaci and the bill has been taken as confessed by him upon filing of affidavit of non-appearance pursuant to order of publication.

3. The claim of lien is based upon additional income taxes assessed for the years 1926 to 1931, inclusive, amounting in the aggregate to $8,900.36.

4. On September 20, 1934, the Collector of Internal Revenue filed with the Clerk of the United States District Court for the Western District of Michigan a notice of lien on the regular form prescribed for use of Collectors of Internal Revenue by the Treasury Department, and on the same day, delivered to the Register of Deeds of Kent County, Michigan, a like instrument. Neither of these notices contained a description of the land upon which lien is claimed.

5. The additional income taxes referred to in paragraph 3 were assessed by the Commissioner of Internal Revenue of the United States against Thomas Maniaci on October 7, 1933, and were entered upon an assessment list which was received by the Collector of Internal Revenue for the District of Michigan on October 10, 1933, and on October 11, 1933, the Collector gave notice of assessment and made demand on Thomas Maniaci for the payment of taxes, penalties and interest.

6. No part of the taxes, penalties or interest assessed against Thomas Maniaci has been paid.

7. Thomas Maniaci became the owner of the real estate described in paragraph 1 on January 23, 1924, and continued to be the owner until June 1, 1935, when the property was conveyed to third persons. On May 7, 1936, defendant Wilmarth T. Shafer purchased said property for a cash consideration of $7,500.

8. Defendant Shafer purchased the property in good faith without any actual knowledge or notice of the alleged existence of unpaid taxes or of any notice or claim of lien thereon. Said property was mortgaged on March 21, 1934, by Thomas Maniaci and wife, Josephine, for $1,261.72, and part of the purchase price paid by Wilmarth T. Shafer for said property was applied by him to the payment of said mortgage.

9. At the time of defendant Wilmarth T. Shafer's purchase of said property, there were taxes owing to the City of Grand Rapids and to the State of Michigan in the total amount of $1,110.94, which were then liens on the premises. More than $600 of said amount of taxes has been paid by defendant Wilmarth T. Shafer and the remainder of said taxes will be paid by him or will remain as a lien against the property; the total amount of all of said taxes was withheld by the said Wilmarth T. Shafer from the purchase price of said property when the said purchase price was paid by him. Since the purchase of said property, said defendant Wilmarth T. Shafer has expended the sum of $1021.60 in improvements to the buildings located on the property.

## Conclusions of law.

1. Under the provisions of section 3186 of the Revised Statutes of the United States, as amended by act of May 29, 1928, section 613, 45 Stat. 875, 26 U.S.C.A. Int. Rev.Acts, page 461, it is provided that such liens shall not be valid as against any purchaser until notice thereof has been filed by the Collector in accordance with the law of the state in which the property subject to the lien is situated, whenever the state or territory has by law provided for the filing of such notice.

2. By Act No. 104 of the Public Acts of the State of Michigan for the year 1923, as amended by Act No. 13 for the year 1925 (sec. 3746 of the Compiled Laws of Michigan of 1929), the State of Michigan provided for the filing of notices of federal tax liens in the office of the Register of Deeds, pursuant to sec. 3186 of the Revised Statutes of the United States, and thereby provided that the notice of lien should set forth among other things a description of the land upon which a lien is claimed. This statute was in effect at the time of the passage of the Act of May 29, 1928, and is valid.

3. Under the law of the United States, the Collector of Internal Revenue was required, in order to make the lien valid against defendant Shafer, to include in the notice of lien filed in the office of the Register of Deeds of Kent County, Michigan, a description of the land upon which the lien was claimed.

4. Defendant Shafer purchased said premises in good faith and without notice, at a time when there had been no proper filing of the notice of lien in the office of the Register of Deeds, and the lien for said taxes is therefore not valid as to defendant Wilmarth T. Shafer.

5. Defendant Thomas Maniaci has no interest, lien or claim in the property described in the bill of complaint.

6. An order will be entered dismissing the bill of complaint.

## Opinion.

The facts are sufficiently stated in the findings of fact filed herewith. The controlling issue is whether a tax lien of the United States is valid as against a purchaser of real estate who takes title without actual knowledge of an existing lien where the notice of lien filed with the Register of Deeds fails to contain a description of the land upon which lien is claimed, as required by sec. 3746 of the Compiled Laws of the State of Michigan of 1929. The determination of the question necessitates construction of that portion of section 3186 of the Revised Statutes of the United States, 26 U.S.C.A. Int.Rev.Acts, page 461, which provides, in substance, that such lien shall not be valid as against the mortgagee, purchaser or judgment creditor until notice thereof has been filed by the Collector in accordance with the law of the state in which the property subject to the lien is situated, whenever the state or territory has by law provided for the filing of such notice. The essence of the government's contention is that the legislature of Michigan acted beyond its authority in providing that a notice of lien shall contain a description of the property upon which the lien is claimed; that when the Michigan statute was enacted, there was no authority therefor, and that it was not the intention of Congress in passing the act of May 29, 1928, to approve that enactment.

Consideration of the history of sec. 3186 of the Revised Statutes, as amended March 1, 1879, 20 Stat. 331, March 4, 1913, 37 Stat. 1016, and May 29, 1928, is convincing that the two later amendments have resulted from recognition of the injustice to innocent mortgagees, purchasers and judgment creditors consequent upon burdening real estate with secret liens. The very substantial increase in the number and amount of government liens upon the property of individuals, firms and corporations within recent years has increasingly directed attention to the necessity of protecting innocent parties from losses which would inevitably result from the strict enforcement of the federal statutes relating to such liens as interpreted in United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705; and United States v. Curry, D.C., 201 F. 371. In the latter case Judge Rose said (201 F. at page 374):

"It would seem that by a comparatively slight change of the statute law the rights of the United States could be sufficiently protected without endangering the interests of other persons. The collector of internal revenue at the time he makes demand upon the taxpayer might be required to transmit a copy of the demand to some office in which judgments and other recognized liens upon real estate are recorded and the records of which are consequently carefully examined by conveyancers. Whether public policy does or does not require that section 3186 shall be repealed or amended in some such way as that above suggested is a question of policy for Congress. The present state of the law was called to its attention at least six years ago. Part 1, Proceedings American Bar Ass'n 1906, p. 598.

"It has, however, not taken any action. The courts must enforce the law as they find it."

It is probable that the 1913 amendment of section 3186 resulted from this decision.

The government urges that the purpose of the amendment of 1928 was solely to leave to the states the power to designate by law the *place* of filing notice of lien; that a law requiring the notice to set forth a description of the property is beyond the power of the state legislature, and that such a provision is neither authorized nor approved by the act of 1928. With this contention the court is unable to agree. Notice may be taken of the fact that prior to that amendment, thirty-nine of the states had enacted legislation for the protection of mortgagees and purchasers pursuant to the act of March 4, 1913. See Klein Federal Income Taxation, page 1485. It is inconceivable that Congress overlooked the existence of these enactments or that it acted otherwise than deliberately in eliminating the words "by appropriate legislation" as contained in the statute which was then under consideration for amendment and substituting therefor, "in accordance with the law of the State or Territory in which the property subject to the lien is situated". Had Congress intended, as is urged by the government, only to authorize the states to designate the *place* where the customary notice of lien should be filed, the language of the amendment is strikingly inappropriate to accomplish that end. In the view of the court, the broad language of section (b) of the act of May 29, 1928, is not capable of such narrow construction. A more reasonable interpretation is that Congress in an effort to afford to innocent persons needed protection from secret liens eliminated the uncertain terms "appropriate legislation" and required the Collector to file notices of lien in accordance with the laws of the respective states when said provisions are reasonable and do not controvert laws of Congress. Nothing unreasonable is found in the provision here complained of that notices of lien shall contain a description of the property upon which the lien is claimed in order to enable such lien to affect the rights of third parties. It recognizes the confusion commonly resulting from indices of names of persons, and substitutes the reasonable certainty attainable by establishment of identity of the land upon which a lien is claimed. Such an interpretation in no wise affects the lien as against any interest the delinquent taxpayer may retain in the property, places no unreasonable burden upon the Commissioner, involves no unusual delegation of powers to state legislatures, and is appropriate to remedy the injustice the amendatory legislation was designed to meet. Section 3746 of the Compiled Laws of Michigan of 1929 is therefore valid.