## UNITED STATES v. ROSENFIELD et al.
### No. 4080.

District Court, E. D. Michigan, S. D.
Dec. 7, 1938.

434

John C. Lehr, U. S. Dist. Atty., and J. Thomas Smith, Asst. U. S. Dist. Atty., both of Detroit, Mich., for plaintiff.

Bodman, Longley, Bogle, Middleton & Farley, and Henry I. Armstrong, Jr., all of Detroit, Mich., for defendant Packard Motor Car Co.

Bulkley, Ledyard, Dickinson & Wright and John M. Hudson, all of Detroit, Mich., for defendant Morrison & Townsend.

LEDERLE, District Judge.

This cause came on to be heard and it was agreed between the parties that it might be submitted on a written stipulation of facts plus the exhibits attached thereto and the pleadings filed therein. Both sides submitted excellent proposed findings of fact and conclusions of law at the date of the hearing of the oral arguments, and these proposed findings may be filed as part of the records. These proposed findings and conclusions were stated in great detail. As I view the case, how-ever, the material facts and applicable law may be stated briefly as follows:

1. This is a bill in equity filed by the United States to enforce or foreclose a lien upon 500 shares of stock of the Packard Motor Car Company, registered in the name of defendant Carl Rosenfield, in accordance with the provisions of the Acts of Congress providing for the assessment and collection of Federal taxes.

2. On or prior to October 26, 1929, the defendant Carl Rosenfield became the owner of 500 shares of stock of the Packard Motor Car Company and this stock was duly registered in his name by the registrar agent of the said Packard Motor Car Company. On or about November 23, 1929, the Commissioner of Internal Revenue made a jeopardy assessment against the defendant Carl Rosenfield for additional income tax, together with interest and fraud penalties, for the calendar years 1927 and 1928, in the amount of $36,753.12. The assessment list containing this assessment was received by the Collector of Internal Revenue for the District of Michigan on November 25, 1929. Notices and demands on the said Rosenfield for payment of the additional taxes so assessed were served and made by the Collector of Internal Revenue on November 25 and December 16, 1929. The Collector of Internal Revenue on December 26, 1929, issued a warrant of distraint against the property of the said Carl Rosenfield and served notice thereof on the Packard Motor Car Company.

3. On November 26, 1929, the Collector of Internal Revenue for the District of Michigan, pursuant to the provisions of the statutes of the United States, filed a notice of tax lien under the Revenue Laws of the United States for the amount of the assessments with the Register of Deeds for Wayne County, Michigan, and also filed a notice of tax lien in the office of the Clerk of the District Court of the United States for the Eastern District of Michigan.

4. On January 7, 1930, the Commissioner of Internal Revenue notified defendant Carl Rosenfield by registered mail of such assessments and advised him of his privilege to petition the United States Board of Tax Appeals for a redetermination of his tax liability. On March 6, 1930, the defendant Carl Rosenfield filed with the United States Board of Tax Appeals his petition to re-determine these deficiencies. On May 20, 1938, the defendant Carl

Rosenfield filed with the Board of Tax Appeals a stipulation that an order might be entered re-determining a deficiency in the aggregate amount of $2,000, plus the interest thereon, amounting, as of May 20, 1938, to $3,171.66.

5. The 500 shares of Packard Motor Car Company stock owned by Carl Rosenfield were represented by certificates numbered D–16365 to D–16369, both inclusive. On January 20, 1930, these certificates of stock, duly endorsed in blank by the defendant Carl Rosenfield were presented to the officers of the defendant partnership of Morrison & Townsend. at the City of Detroit for sale by one David J. Harris, together with a letter signed by Carl Rosenfield authorizing the disposition of such stock or the proceeds thereof and any income therefrom in any manner which the said David J. Harris might direct, including the credit therefor to his personal account with said Morrison & Townsend. Morrison & Townsend thereupon in the regular course of business and without actual notice of the existence of any asserted income tax liability of said Carl Rosenfield or of any claimed lien against or on the property or rights to property of said Carl Rosenfield for unpaid income tax, bought said shares of stock, received the certificates therefor, and issued its check payable to said David J. Harris in the sum of $7,730 in payment therefor. This was the market value of the stock in question on that date.

6. February 21, 1930, Morrison & Townsend presented to the Packard Motor Car Company, or its transfer agent, for transfer to its name, the above-mentioned stock certificates for the 500 shares of stock so purchased by it. The Packard Motor Car Company refused to make the transfer due to the fact that the Collector of Internal Revenue at Detroit, Michigan, had notified said company that the Government of the United States claimed a lien and right of possession of said shares of stock for the payment of taxes assessed against the said Carl Rosenfield.

7. The defendants Morrison & Townsend had no notice of the existence of any asserted lien against the property of the said Carl Rosenfield prior to said February 21, 1930. On March 14, 1930, the Collector of Internal Revenue of Detroit, Michigan, issued and served upon the defendants Morrison and Townsend a notice of distraint upon all property and rights to property then in the possession of Morrison and Townsend and belonging to said Carl Rosenfield, with particular reference to the aforementioned Packard Motor Car Company stock.

## Conclusions of Law.

1. This is a suit in equity by the United States under the provisions of Section 3207 of the Revised Statutes of the United States, as amended by Section 1127 of the Revenue Act of 1926, c. 27, 44 Stat. 123, and as further amended by Section 802 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1743, 26 U.S.C.A. § 1568, to enforce a tax lien asserted by the plaintiff, United States of America, with respect to certain deficiency assessments of income taxes made by the Commissioner of Internal Revenue on November 23, 1929, against the defendant Carl Rosenfield, for the calendar years 1927 and 1928, of taxes, penalties, and assessed deficiency interest, aggregating $36,759.18; and this Court has jurisdiction in this proceeding by virtue of the statutes just mentioned, Section 617 of the Revenue Act of 1928, c. 852, 45 Stat. 791, 877, 26 U.S.C.A. §§ 1523, 1698, and Section 24, Subdivisions First and Fifth of the Judicial Code, as amended, U.S.C., Title 28, Sec. 41 (1) and (5), 28 U.S.C.A. § 41(1, 5).

2. When the assessment list signed by the Commissioner of Internal Revenue covering the above mentioned income tax assessments against the defendant Carl Rosenfield was received in the office of the Collector of Internal Revenue at Detroit, Michigan, on November 25, 1929, and the said Collector on the same date issued and served notice and demand for payment of said tax assessments upon the defendant Carl Rosenfield, and the defendant Rosenfield neglected or refused to pay said taxes in whole or in part after said notice and demand, a lien arose or accrued in favor of the plaintiff, United States of America, upon all the property and rights to property, whether real or personal, belonging to the defendant Carl Rosenfield, thereby subjecting all of the property and rights to property, whether real or personal, belonging to the said Carl Rosenfield to the payment of the aforesaid tax assessments against him by virtue of the provisions of Section 3186 of the Revised Statutes of the United States, as amended by Section 613 of the Revenue Act of 1928, 26 U.S.C.A. §§ 1560–1567.

3. The aforesaid tax lien upon all the property and rights to property, whether real or personal, belonging to the defendant Carl Rosenfield, became effective as of November 25, 1929, that being the date on which the assessment list covering the aforesaid tax assessments against the defendant Carl Rosenfield was received in the office of the Collector of Internal Revenue at Detroit, Michigan.

4. When, after notice and demand for payment and refusal to pay these tax assessments as aforesaid, the said Collector, on November 26, 1929, filed notices of lien covering said tax assessments and caused same to be recorded in the offices of both the Register of Deeds of Wayne County, Michigan, and the Clerk of the United States District Court for the Eastern District of Michigan, the said tax liens upon all of the property and rights to property, whether real or personal, belonging to the said Carl Rosenfield became effective as of November 25, 1929, that being the date upon which the assessment list signed by the Commissioner of Internal Revenue covering said deficiency assessments was received in the office of said Collector at Detroit, Michigan.

5. The aforesaid lien of the plaintiff, United States of America, upon all the property and rights to property, whether real or personal, belonging to the said delinquent taxpayer, the defendant, Carl Rosenfield, accrued and became a charge against certain personal property then belonging to the said defendant and consisting of the 500 shares of the capital stock of the Packard Motor Car Company described in the bill of complaint, and now held subject to the further orders of this Court under the order heretofore entered in this proceeding on May 21, 1930.

■ 6. Although the defendant Carl Rosenfield endorsed in blank the five certificates covering the aforesaid 500 shares of stock of the Packard Motor Company and delivered or caused same to be delivered to the defendant partnership of Morrison & Townsend on January 20, 1930, for the purpose of sale thereof in the regular course of the brokerage business of said defendant partnership, and although the defendant Morrison & Townsend purchased said 500 shares of stock on said date in the regular course of its business as a stock broker and paid the then market price of $7,730 for said shares to the defendant Carl Rosenfield or to his order, without actual notice or knowledge of the aforesaid tax liens or of the fact that the plaintiff had on November 26, 1929, filed and recorded the aforesaid notices of said tax liens with the Clerk of this Court and the Register of Deeds for Wayne County, Michigan,—the Court concludes that the defendant Morrison & Townsend purchased and took the said 500 shares of Packard Motor Company stock subject to the superior and underlying lien of the United States for its said unpaid taxes, by virtue of the provisions of Section 3186 of the Revised Statutes of the United States, as amended.

■ 7. The aforesaid Acts of Congress, providing the manner and form by which the plaintiff, United States of America, acquired its aforesaid tax liens upon all the property and rights to property belonging to the defendant Carl Rosenfield in general, and upon the aforesaid 500 shares of stock of the Packard Motor Car Company in particular, for the defendant Rosenfield's said delinquent income taxes, are the supreme law of the land applicable to the enforcement of the internal revenues of the United States. Said Federal statutes are controlling here and override any provisions of the Uniform Stock Transfer Act enacted by the State of Michigan as Act 106 of 1913, p. 180, effective August 14, 1913 (Compiled Laws of Michigan 1929, Volume 2, Sections 9520–9541), which are in conflict with said Acts of Congress, and under which the defendant Morrison & Townsend asserts its conflicting right, title or interest in said shares of stock.

8. In view of the final order of redetermination entered by the United States Board of Tax Appeals by consent of the Commissioner of Internal Revenue and the defendant Carl Rosenfield, on May 20, 1938, the entry of which has been stipulated by the parties herein, the defendant Carl Rosenfield is indebted to the plaintiff, United States of America, and the plaintiff is entitled to a decree against the said defendant for income taxes due by him, of $1,000 for the calendar year 1927, and of $1,000 for the calendar year 1928, aggregating the principal sum of $2,000, plus interest thereon computed at 6% per annum on $1,000 from March 15, 1928, until May 20, 1938, of $610.83, totalling $1,610.83 for the year 1927, and similar interest on $1,000 from March 15, 1929, until May 20, 1938, of $550.83, totalling $1,550.83 for the year 1928, and aggregating $3,171.66, plus further interest upon the said princi-

pal sum of $2,000 from and after May 20, 1938, according to law, until fully paid.

9. Plaintiff is also entitled to an order and decree declaring and adjudging that the lien of the plaintiff upon the aforesaid shares of stock for the unpaid taxes of the defendant Carl Rosenfield is superior to the rights and equities of the defendant Morrison & Townsend in the said 500 shares of stock in the Packard Motor Car Company and to an order of sale of said shares of stock under the directions of this Court for the purpose of applying the proceeds of such sale upon plaintiff's decree herein against the defendant Carl Rosenfield for his aforesaid 1927 and 1928 income taxes, together with decree for costs and the right to such process of the Court as is available for the enforcement of the rights of the plaintiff as adjudged and decreed herein.

Final decree may be entered pursuant to the special findings of fact and conclusions of law hereinbefore adopted by the Court, with full exceptions being allowed to the party or parties adversely affected thereby.