**UNITED STATES of America, Appellee,**

v.

**Wilbert SCHNEIDER, et al., Appellants.**

No. 90–2065.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1991.

Decided Feb. 28, 1991.

Edward M. Roth, St. Louis, Mo., for appellants.

Kevin Brown, Washington, D.C., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and SACHS,[*] District Judge.

SACHS, District Judge.

This action was brought by the United States to reduce to judgment federal income tax liabilities of Wilbert and Virginia Schneider, husband and wife, arising out of obligations for three years in which they filed joint returns; the Government also sought to foreclose tax liens on certain real estate. Joined in the action were transferees of the real estate. Defendants below contested the validity of the liens asserted on claims separately assessed in different amounts against the Schneiders individually. Separate lien notices had been filed, on different dates, and without referring to joint obligations. The Schneiders contended that under Missouri law they held an estate by the entireties in the property, and that their individual debts, including federal tax obligations, could not be satisfied out of that real estate. Summary judgment was granted in favor of the United States, on facts jointly stipulated. The district court[1] directed that the liens be foreclosed, the property sold, and that proceeds be distributed to the United States, with any excess disbursed to the transferees.

A notice of appeal was timely filed June 21, 1990, from the final judgment of April 26, 1990. Counsel for defendants gave notice that "Wilbert Schneider, et al. ... hereby appeal." According to the reply brief, by attachment which we accept as authentic, the Clerk of Court on July 2, 1990, wrote a letter of acknowledgment of the pending appeal, listing both Schneiders and the transferees as parties to the appeal. Counsel for defendants thereupon

---

\* The Honorable Howard F. Sachs, Chief Judge, United States District Court for the Western District of Missouri, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

filed, on July 6, 1990, a "certificate of interested parties" listing the United States as plaintiff/appellee and both Schneiders and the transferees as defendants/appellants.

The major dispositive issue on appeal relates to the form of the notice of appeal. The United States contends that under Rule 3(c), Federal Rules of Appellate Procedure, as construed in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), there was no timely appeal except by Wilbert Schneider in that the notice given within the sixty day period allowed in cases of this nature named only Wilbert Schneider as an appellant. As in *Torres*, the Government contends that the mere indication of multiple appellants is insufficient. The Government further notes that Wilbert Schneider claims no current interest in the property and, under settled law in Missouri, he never had an individual interest in the property in question that would support a claim in litigation. Schneider's tax liability is not here questioned; the only relief sought is a vacation of the judgment "insofar as it mandates the foreclosure of the purported tax liens against the real property."

We agree that the judgment should be affirmed because of the procedural defect; further observing, however, that it is our impression that the judgment below was sound on the merits, or substantially so.[2]

In *Torres* the Supreme Court held that a notice of appeal was fatally defective as to an unnamed party who presumably wished to appeal when the notice was filed in the name of the first-named plaintiff "et al." Rule 3(c) requires that a notice of appeal shall "specify the party or parties taking the appeal." The Court concluded that a party is not "specified" if not named, despite the general reference to others wishing to appeal. While conceding that the result was a harsh one, the Court felt compelled by the wording of the rule to require that there be some timely "designation that

gives fair notice of the specific individual or entity seeking to appeal." 487 U.S. at 318, 108 S.Ct. at 2409.

In the present case, the "certificate of interested persons" was submitted after the appeal time had expired. *Torres* holds that giving relief subsequent to that time would be equivalent to this court's enlarging the time limits for filing a notice of appeal, contrary to Rule 4 of the Federal Rules of Appellate Procedure. 487 U.S. at 315, 108 S.Ct. at 2408.

There are rulings from other circuits relieving *Torres* from some of its harshness. *See, e.g., National Center for Immigrants' Rights, Inc. v. Immigration & Naturalization Service*, 892 F.2d 814 (9th Cir.1989), appeal after remand, 913 F.2d 1350 (9th Cir.1990), *petition for cert.* filed January 7, 1991 (No. 90–1090) (reference to "defendants" in notice of appeal means all defendants and cures lack of specificity in "et al." terminology); *Morales v. Pan American Life Ins. Co.*, 914 F.2d 83 (5th Cir.1990) (Wisdom, J., listing Fifth Circuit exceptions to *Torres* rule—none applicable here). *See also*, the vigorous dissents from the en banc ruling in *Minority Employees of Tennessee Department of Employment Security, Inc. v. State of Tennessee Department of Employment Security*, 901 F.2d 1327, 1341–1351 (6th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). This circuit has, however, accepted the teaching of *Torres* without shrinking from its full implications. *See, e.g., Moran v. Farrier*, 924 F.2d 134 (8th Cir.1991); *Goos v. Interstate Commerce Commission*, 911 F.2d 1283, 1288–89 (8th Cir.1990); *In re Kerr*, 908 F.2d 400, 402 n. 3 (8th Cir.1990) ("subsequent correction" by counsel not permissible). *Moran* is an exact parallel to this case in holding that an "et al." designation in a notice of appeal is ineffectual to bring before this court any defendant other than the named appellant; *Goos* contains the same ruling

---

**2.** The writer does express considerable doubt that, insofar as certain tax claims against the Schneiders were not strictly parallel, the different claims against each spouse could be asserted against the entireties property. Civil fraud and negligence penalties were assessed against Wilbert but not Virginia Schneider, and a failure-to-pay-tax penalty was assessed against Virginia but not Wilbert. Any expressions on this point would be dicta, and the other members of the panel do not necessarily share this concern about the lien status of the separate penalties.

779

under an analogous petition for review of an administrative decision. *Goos* further rejects relief when previously unnamed parties were specified in an appearance of counsel and a motion to amend the petition for review, both filed within weeks of the initial petition but outside the time limits for seeking review.

■ We therefore conclude that only Wilbert Schneider is properly before the court. He does not ask review of his tax liability. He does ask that we review the validity of the lien against the real estate that he and his wife formerly held by the entireties. A summary examination of the law indicates that he has no standing individually to challenge the foreclosure of property in which he never had a separate interest and which has already been conveyed to other defendants who have not perfected an appeal. We have no occasion to examine moot points, such as the effect of the judgment on property that might be acquired by the Schneiders in the future, if a tax deficiency remains after foreclosure. Nor is it necessary to consider whether a reversal as to Wilbert Schneider, if he had standing, might benefit parties whose appeals were not timely perfected.

■ We agree with the Government that, largely for reasons advanced by the Schneiders in the district court, the federal income tax obligations of one spouse cannot be collected from Missouri property held by the entireties, and that one spouse has no separate interest in such property. *United States v. Hutcherson,* 188 F.2d 326 (8th Cir.1951). It follows that Wilbert Schneider cannot be heard alone to challenge the foreclosure ordered by the district judge.

In any event, this court's decision in *Tony Thornton Auction Service v. United States,* 791 F.2d 635 (8th Cir.1986), uses federal law and a somewhat pragmatic approach to assessment and lien notice procedures that can be effectively used to collect federal income tax liabilities of taxpayers who have a joint obligation.[3] It is there-

fore most unlikely that, under an appropriate notice of appeal, the defendants below could have successfully prevented the foreclosure.

Because Wilbert Schneider is the only party properly before the court on appeal and he does not challenge the judgment on his tax obligation, the judgment below will be affirmed.

**3.** " 'The test is not absolute perfection in compliance with the statutory requirement for filing the tax lien, but whether there is substantial

compliance sufficient to give constructive notice and to alert one of the government's claims.' " 791 F.2d at 639.